# United States Court of Appeals

## For the Eighth Circuit

_____

No. 22-2058

_____

Tanner W. Roth; Jon W. Smithley; Logan M. Priebe; Victoria S. Roberts; Timothy C. Bexten; Zachary R. Braum; Armand G. Fondren, II; Nathan P. Gavic; Brennan L. Barlow; Michael T. Edwards; Matthew J. Cascarino; Matthew C. Downing; Kevin Dunbar; Cameron M. Grim; Aaron F. Karpisek; Ian C. McGee; Evan McMillan; Zachary Morley; Matthew L. Nelson; Bryan Stigall; Kynan Valencia; Morgan T. Viar; Daniel Vera Ponce; Adam R. Cassidy; Tristan M. Fries; Airmen 1-11,

*Plaintiffs  Appellants*,

v.

Lloyd J. Austin, III, in his official capacity as United States Secretary of Defense; United States Department of Defense; Frank Kendall, III, in his official capacity as United States Secretary of the Air Force; Robert I. Miller, in his official capacity as Surgeon General of the United States Air Force; Michael A. Loh, in his official capacity as the Director of the Air National Guard; David A. Weishaar, in his official capacity as Adjutant General of the Kansas National Guard; Daryl L. Bohac, in his official capacity as Adjutant General of the Nebraska National Guard,

*Defendants  Appellees*.
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: October 19, 2022
Filed: March 16, 2023
_____

Before COLLOTON, WOLLMAN, and STRAS, Circuit Judges.
_____

COLLOTON, Circuit Judge.

As of March 2022, the United States Air Force required all service members to be vaccinated against COVID-19, subject to certain exemptions. In this case, thirty-six members of the Air Force, Air Force Reserve, or Air National Guard sued the Secretary of Defense and others, alleging that the government's denial of their requests for religious exemptions violated the Religious Freedom Restoration Act and the Free Exercise Clause of the First Amendment. The Airmen sought a nationwide preliminary injunction prohibiting the Air Force from taking steps to discharge any of the Airmen and from denying travel, training, or other career opportunities to them. The district court[1] denied the motion, and later dismissed much of the case, although one aspect of the complaint remains pending in the district court. The Airmen appeal the order denying the request for preliminary injunctive relief. In light of intervening developments that have granted the Airmen all of the relief requested, we dismiss the appeal.

In August 2021, Secretary of Defense Austin added the COVID-19 vaccine to the list of vaccines that are required for all members of the military, subject to certain exceptions for reasons of health, religion, and administration. The Secretary of the Air Force then directed unvaccinated service members to receive the COVID-19 vaccine. Unvaccinated service members were restricted to mission-critical travel and could not be deployed.

---

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

The Air Force conducted a multi-step process to address a request for a religious exemption from the vaccine requirement. The process began when a service member submitted a written request to his unit commander. The service member then met with a military chaplain, a military physician, and his unit commander. The chaplain determined whether receiving the COVID-19 vaccine would substantially burden the service member's sincerely held religious beliefs.

Following these consultations, a "Religious Resolution Team" reviewed the exemption request and prepared a written recommendation to a senior commander. The teams were composed of the service member's unit commander, a medical provider, a senior chaplain, a public affairs officer, and a member of the staff judge advocate's office.

A senior commander then resolved the request for exemption after determining whether requiring vaccination was the least restrictive means available to further a compelling interest of the Air Force. If a religious exemption was denied, then the service member could appeal to the Air Force Surgeon General. If an appeal was rejected, and an active-duty service member refused vaccination, then the Air Force initiated proceedings for an administrative discharge. If a member of the Air Force Reserve or Air National Guard refused vaccination, then the Air Force placed the member on "no points/no pay" status and assigned him to the Individual Ready Reserve.

The service members brought this action, alleging that the government's implementation of the vaccine requirement violated their rights under the Religious Freedom Restoration Act and the First Amendment. Seventeen plaintiffs are pilots; the others serve as technicians and mechanics, intelligence officers, a chaplain, and a nurse. All requested a religious exemption from the vaccination requirement. In each case, an Air Force chaplain determined that receiving the COVID-19 vaccine would substantially burden the service member's sincerely held religious beliefs. At

the time this appeal was submitted, the Air Force had denied twenty-two of the exemption requests after completion of the internal administrative process. Eleven service members had requests for a religious exemption pending with a commander; three had appeals pending with the Air Force Surgeon General.

In the district court, the Airmen sought a preliminary injunction that would prevent the officials from taking certain actions against any service member who requested a religious exemption. The district court denied the motion on the ground that the Airmen had not established a likelihood of success on the merits or demonstrated irreparable harm. The Airmen appeal from the order. They challenge an alleged unwritten policy of the Air Force to deny all requests for religious exemption from airmen who are not imminently departing the service. They seek a judgment directing the district court to enjoin the officials from taking various actions against the Airmen based on their refusal to receive the COVID-19 vaccine.[2]

There have been two significant developments since the appeal was filed. First, a district court in the Southern District of Ohio certified a class of Air Force

_____

[2]The Airmen on appeal seek an injunction that would prohibit the officials from taking eight enumerated actions:

1. Proceeding toward the discharge of the airmen.

2. Transferring the airmen to the Individual Ready Reserve or No Points/No Pay status.

3. Issuing Article 15 charges or court martial charges against the airmen for their refusal to take the vaccine.

4. Removing the airmen from leadership positions or demoting them.

5. Prohibiting the airmen from participating in training, including traveling to training.

6. Reducing the pay or compensation of the airmen, including by grounding pilots.

7. Restricting the official travel of the airmen, other than with respect to deployment.

8. Otherwise penalizing or punishing the airmen.

service members who challenged the COVID-19 vaccination requirement and granted injunctive relief. The court defined the class to include active-duty and active reserve members of the Air Force who (i) submitted a request for religious accommodation from the COVID-19 vaccination requirement, where the request was submitted or was pending from September 1, 2021 to July 27, 2022, (ii) were confirmed as having had a sincerely held religious belief substantially burdened by the Air Force's COVID-19 vaccination requirement by or through Air Force Chaplains, and (iii) either had their requested accommodation denied or had not had action on that request. *Doster v. Kendall*, No. 22-cv-84, 2022 WL 3576245, at *3 (S.D. Ohio Aug. 19, 2022). The Ohio district court then granted a preliminary injunction. The court enjoined military officials from taking or continuing any disciplinary or separation measures against members of the class for refusing to receive the vaccine. The order also directed that officials must not place or continue active reservists on "no points, no pay status" for refusing to receive the vaccine due to a sincerely held religious belief. *Id*. at *3-*4. The Sixth Circuit later affirmed the district court's order certifying the class and granting the injunction. *Doster v. Kendall*, 54 F.4th 398 (6th Cir. 2022), *petition for reh'g filed*, Nos. 22-3497, 22-3702 (6th Cir. Feb. 13, 2023).

The Airmen in this case are thus members of a certified class in Ohio that has sought and received the same injunctive relief that they seek here. Under those circumstances, the Airmen may not proceed with this appeal. "Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time." *Mo. ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001). Stated another way, "a plaintiff should not be allowed to litigate the same issue at the same time in more than one federal court." *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 932 (8th Cir. 2011) (internal quotations omitted). When a plaintiff attempts to do so, a proper remedy is to dismiss the duplicative claims or appeal. *Id*.; *Prudential Health*, 259 F.3d at 953-55.

The government agrees that the Airmen are members of the Ohio class, and states that it has honored the terms of the Ohio injunction in their favor. Yet two of the Airmen contend that they are not members of the class that prevailed in Ohio. Airman #8 and Airman #2 argue that they are outside the class, because a Religious Resolution Team at the second step of the administrative process recommended a conclusion that they did not have a sincerely held religious belief that would be substantially burdened by receiving the vaccine. But an Air Force chaplain at the initial consultation did confirm that both airmen had a sincerely held religious belief. That confirmation brings the two airmen within the terms of the Ohio court's class definition as members who "were confirmed as having had a sincerely held religious belief by or through Air Force Chaplains."

The senior commander's final decision for each of these two airmen, moreover, assumed a sincerely held religious belief and denied an exemption solely because vaccination was the least restrictive means of furthering a compelling government interest. The permissibility of the Air Force's policy to make such denials was the issue in the Ohio action. There is no indication that the Ohio district court meant to exclude these two airmen from the class that is litigating the issue. If the airmen truly sought to confirm an unlikely *exclusion* from a class for which the district court *granted* injunctive relief in order to proceed as plaintiffs in a case where the district court *denied* injunctive relief, then they could have sought clarification from the court in Ohio. *Cf. Veyra Palana v. Mission Bay Inc.*, No. 13-cv-05235, 2015 WL 7720727, at *2 (N.D. Cal. Nov. 30, 2015) (order responding to a party's motion to clarify the definition of a certified class); *Kirwa v. U.S. Dep't of Def.*, 315 F. Supp. 3d 266, 267-68 (D.D.C. 2018) (same).

The Airmen also cite the Sixth Circuit's conclusion that because the class members in that case sought to litigate pattern-or-practice claims against government officials, their class-based claims would not improperly interfere with "other claims seeking individual relief and requesting the Air Force to grant an exemption

outright." *Doster*, 54 F.4th at 440-41. In support, the Sixth Circuit cited authority that class claims for declaratory and injunctive relief would not bar a class member's separate claim for monetary damages or other particularized relief. *Id*. (citing *Fortner v. Thomas*, 983 F.2d 1024, 1031 (11th Cir. 1993)). This appeal, however, concerns only a request for the same injunctive relief that was granted by the district court in Ohio and affirmed by the Sixth Circuit based on the same alleged unwritten policy of the Air Force. The potential for other forms of particularized relief in the remainder of this case does not justify allowing an appeal that seeks duplicative injunctive relief.

Second, Congress passed and the President signed into law a bill that required rescission of the COVID-19 vaccination mandate. The James M. Inhofe National Defense Authorization Act for Fiscal Year 2023, Pub. L. No. 117-263, enacted on December 23, 2022, provided that:

> Not later than 30 days after the date of the enactment of this Act, the Secretary of Defense shall rescind the mandate that members of the Armed Forces be vaccinated against COVID-19 pursuant to the memorandum dated August 24, 2021, regarding "Mandatory Coronavirus Disease 2019 Vaccination of Department of Defense Service Members."

To comply with the Act, Secretary Austin issued a memorandum on January 10, 2023, that rescinded the vaccination requirement for members of the Armed Forces, including the appellants in this case. The Secretary of the Air Force followed suit on January 23, 2023, and rescinded the COVID-19 vaccination requirement for members of the Air Force.

The memoranda provide that no person serving in the Armed Forces, including the Air Force, will be separated solely on the basis of his refusal to receive the

COVID-19 vaccination if he sought an accommodation on religious, administrative, or medical grounds. Military Departments, including the Air Force, will "update the records of such individuals to remove any adverse actions solely associated with denials of such requests, including letters of reprimand." The Military Departments, including the Air Force, will "cease any ongoing reviews of current Service member religious, administrative, or medical accommodation requests solely for exemption from the COVID-19 vaccine or appeals of denials of such requests." The Department of Defense also eliminated restrictions on official travel for service members who are not fully vaccinated. U.S. Dep't of Def., Consolidated Department of Defense Coronavirus Disease 2019 Force Health Protection Guidance - Revision 4, 47-48 (Jan. 30, 2023). Secretary Austin's memorandum retains in effect only other standing Departmental policies on immunization, so that commanders may consider immunization status "in making deployment, assignment, and other operational decisions, including when vaccination is required for travel to, or entry into, a foreign nation."

The rescission of the COVID-19 vaccination mandate, as directed by the National Defense Authorization Act, provides the Airmen all of their requested preliminary injunctive relief and renders this appeal moot. *DeFunis v. Odegaard*, 416 U.S. 312, 317 (1974) (per curiam). None of the Airmen is subject to a COVID-19 vaccination requirement, and no adverse action may be taken against the Airmen for refusing to receive the COVID-19 vaccine. A statutory change that discontinues a challenged practice usually makes an appeal moot. *Libertarian Party of Ark. v. Martin*, 876 F.3d 948, 951 (8th Cir. 2017). The "rare" exception to this rule typically involves situations, not present here, where it is "virtually certain" that the repealed policy will be reenacted by the legislature. *Id*. (internal quotation omitted). While military officials still may consider a service member's vaccination status in making deployment and other operational decisions, the Airmen have disclaimed any demand to be deployed. They have emphasized that they seek only to be treated the same as

-8-

other service members who decline to be vaccinated against COVID-19. The statute and implementing memoranda afford them the requested relief.

For these reasons, the appeal is dismissed.

STRAS, Circuit Judge, concurring in the judgment.

I agree that the case is now moot. Voluntary cessation does not necessarily moot a case, *see Hawse v. Page*, 7 F.4th 685, 698–700 (8th Cir. 2021) (Stras, J., dissenting), but "[s]tatutory changes" generally do, even if the power to "reenact the challenged provision" remains, *Moore v. Thurston*, 928 F.3d 753, 757 (8th Cir. 2019); *see Teague v. Cooper*, 720 F.3d 973, 977 (8th Cir. 2013). The 2023 Defense Authorization Act required the Secretary of Defense to "rescind the mandate that members of the Armed Forces be vaccinated against COVID-19." James M. Inhofe National Defense Authorization Act for Fiscal Year 2023, Pub. L. No. 117-263, § 525, 136 Stat. 2395, 2571 (2022). The Air Force discontinued the practice shortly thereafter, which means the plaintiff-airmen do not need relief from a mandate that no longer exists.

I would not say anything more. *See United States v. Treanton*, 57 F.4th 638, 643 (8th Cir. 2023) (Stras, J., concurring in the judgment). It does not make sense to wade into a factual dispute about whether the plaintiff-airmen are members of another class. *See Doster v. Kendall*, No. 1:22-cv-84, 2022 WL 3576245, at *3 (S.D. Ohio Aug. 19, 2022) (defining the class, in part, to include airmen "confirmed as having had a sincerely held religious belief . . . by or through Air Force Chaplains"), *aff'd* 54 F.4th 398 (6th Cir. 2022). Two claim not to be, and they may well be right. Both have documents from the Air Force saying they do "*not* have a sincerely held belief that was substantially burdened by taking the COVID vaccine." (Emphasis added). The Air Force's official determination may leave them on the outside looking in, regardless of what a chaplain may have previously said. The point is that this factual

dispute is better left for another day when the answer actually matters.[3]  *Cf. United States v. Searcy*, 284 F.3d 938, 943 (8th Cir. 2002) ("It is not the job of appellate courts to find facts.").

_____

[3]One day it might.  If the Air Force were to reinstate the mandate, the plaintiff-airmen would be free to refile in district court.  *See First Union Nat'l Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 620 (8th Cir. 2007) (explaining that the law-of-the-case doctrine "does not apply to interlocutory orders"); *Medtronic, Inc. v. Gibbons*, 684 F.2d 565, 569 (8th Cir. 1982) (explaining that decisions on preliminary injunctions also lack preclusive effect); *see also Moore*, 928 F.3d at 759 (Stras, J., concurring in part and dissenting in part) (explaining that when a case is mooted by statutory amendment, the path to future litigation should remain "clear" (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950))).